909 F.2d 1495
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lamberto P. MAGTOTO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3246.
 United States Court of Appeals, Federal Circuit.
 July 17, 1990.
 
 Before MAYER, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Lamberto P. Magtoto appeals the decision of the Merit Systems Protection Board (MSPB or Board), No. SEO8318910681, denying him an annuity under the Civil Service Retirement Act (CSRA). The administrative judge (AJ) affirmed the reconsideration decision of the Office of Personnel Management, which denied Magtoto's application for the claimed annuity. The MSPB denied review as the petition did not meet the criteria for review under 5 C.F.R. Sec. 1201.115. The AJ's initial decision therefore became the final decision of the Board. Id. Sec. 1201.113(b). We affirm the decision of the MSPB.
 
 OPINION
 
 2
 We review the MSPB's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The AJ found the petitioner had failed to establish his entitlement to the claimed annuity. Under the applicable statute, 5 U.S.C. Sec. 8333(a), the burden is on the government employee to prove that he has completed five years of creditable civilian service in order to be entitled to a civil service annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). After a careful review of the record, we agree with the AJ's determination that petitioner failed to discharge that burden.
 
 
 4
 Petitioner applied for an annuity under the CSRA based on service in various jobs from 1961 to 1975, most of which jobs were for the Army and Air Force Exchange Service. The AJ found that despite several years of employment, petitioner has never held a position covered by the CSRA. The AJ further found that during Petitioner's entire federal service, he was paid from nonappropriated funds and thus is generally deemed not an employee for retirement purposes. 5 U.S.C. Sec. 2105(c)(1) (1988). Also, the AJ found that petitioner did not satisfy the conditions for an exception to this general exclusion. See 5 U.S.C. Sec. 8332(b)(16) (1988). Substantial evidence supports those findings. We therefore affirm the Board's decision.
 
 
 5
 Finally, we note that as Petitioner has asserted that the Board failed to consider any "workman's compensation benefits" based on his asserted work-related injury, we affirm the Board without prejudice to any possible claim with the Department of Labor, Office of Worker's Compensation Programs.